

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6330-CR-HURLEY
Magistrate Judge Vitunac

UNITED STATES OF AMERICA,

Plaintiff,

v.

FERNANDO PINEDA,

Defendant.

_____/

## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE & STATEMENTS

COMES NOW the defendant Fernando Pineda, by and through his undersigned attorney, and files his Motion To Suppress Physical Evidence & Statements, and states as follows:

1. On November 17, 2000, members of the Broward County Domestic Interdiction Unit were working in the terminal area of the Fort Lauderdale/Hollywood International Airport.

2. At approximately 9:20 a.m., agents observed the defendant standing in line to obtain a boarding pass for a Spirit Airlines flight.

3. While the defendant was in line, Spirit Airlines made an announcement directing all holders of electronic tickets to go directly to the gate to obtain their boarding pass. The defendant then left the line and began walking to his gate. While he was walking to the gate, DEA Special Agent Robert Shinn and Border Patrol agent John Solek stopped and seized the defendant.

4. The police officers then searched the defendant's person without his consent. The search of his person was conducted by patting and frisking his body. The police also questioned the defendant regarding whether he was in possession of illegal drugs.

5. After searching the defendant's person, the police placed the defendant in handcuffs and transported him to the DIU office. In the DIU office, the police removed his pants. Upon searching inside the defendant's pants, the police discovered heroin.

6. After discovery of the heroin, the police questioned the defendant further and the defendant allegedly made oral statements which the Government intends to introduce against the defendant at trial.

7. The agents had no arrest warrant for the defendant. The agents had no search warrant for the defendant's person. The agents did not have probable cause or reasonable suspicion to believe that the defendant was committing a crime.

8. The physical evidence was seized in violation of the Fourth Amendment to the United States Constitution, as it was obtained by means of a search conducted after the police seized and arrested the defendant without probable cause or reasonable suspicion. The police obtained the evidence while unlawfully detaining the defendant.

9. The defendant is moving to suppress all physical evidence obtained from the defendant during and after his illegal detention and arrest, as well as all physical evidence derived from information and evidence obtained during and after the illegal detention and arrest.

10. Any statements were obtained in violation of the defendant's Fourth Amendment right to remain free from unreasonable search and seizure, as the alleged statements were obtained after the defendant was arrested without probable cause and while the defendant was being detained illegally. Moreover, the alleged statements were obtained in violation of the Fifth Amendment as they were the product of custodial interrogation which was not preceded by Miranda warnings.

11. The defendant hereby requests an evidentiary hearing on this motion prior to trial and outside the presence of the jury.

## Memorandum of Law

The seizure, search, and arrest of the defendant violated the Fourth Amendment. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court authorized police officers to make temporary, limited seizures of persons if they have an articulable suspicion that a person has committed, or is about to commit, a crime. Indeed, police officers may approach individuals in public places to ask questions, so long as a reasonable person would understand that he or she could refuse to cooperate. *Florida v. Royer*, 460 U.S. 491, 501-502 (1983); *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The scope of activities during an investigatory detention, however, must reasonably be related to the circumstances that initially justified the stop. *See United States v. Sharpe*, 470 U.S. 675, 682 (1985). An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983). A police confinement which goes beyond the limited restraint of a *Terry* investigatory stop, including an arrest, may be constitutionally

3

justified only by probable cause. *Dunaway v. New York*, 442 U.S. 200 (1979). If, by physical force or show of authority, a reasonable citizen would not believe he is free to ignore police questioning and go about his business, he has been unconstitutionally seized. *Florida v. Bostick*, 501 U.S. 429, 439 (1991). Even a minimal curtailment of an individual's liberty must be based on a reasonable and articulable suspicion that the person is engaged in criminal activity. *Reid v. Georgia*, 448 U.S. 438, 440 (1980).

Probable cause to arrest or seize a person exists where the facts and circumstances within the knowledge of the police, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed by that person. *Carroll v. United States*, 267 U.S. 132 (1925). Mere suspicion or hunches do not rise to the level of probable cause. The Supreme Court has defined probable cause to conduct a search as knowledge of facts and circumstances that would lead a reasonable person to believe that there exists "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The police seized the defendant without probable cause, indeed without even a reasonable, articulable suspicion to believe that he was committing a crime. He was seized on nothing more than a hunch. The defendant's detention, therefore, violated the Fourth Amendment. After illegally seizing the defendant, the police then conducted a warrantless search of his person, without probable cause, in violation of the Fourth Amendment. Finally, the police questioned the defendant during this illegal detention in violation of the Fourth and Fifth Amendments. As a result, all physical evidence and statements obtained as a result of the police action must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREFORE the defendant prays that this Court grant this motion and suppress all physical evidence and the statements of the defendant Fernando Pineda.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *(signature)*

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
400 Australian Ave., North, #400
West Palm Beach, Florida 33401
(561) 833-6288/833-0368(fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 22nd day of January, 2001, to Assistant United States Attorney Roger Powell, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

*(signature)*
Martin J. Bidwill