**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA**

CASE NO.: 00-6330CR HURLEY

UNITED STATES OF AMERICA

VS.

FERNANDO PINEDA,
    Defendant.
_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION

COMES NOW the undersigned counsel for defendant FERNANDO PINEDA and files with Court the following objections:

1. OFFENSE CONDUCT: Paragraph 8 alleges that the total weight of heroin was 739.6 grams. The defendant is without knowledge as to the total weight in that he was simply a courier and is without knowledge as to the weight absent packaging.

2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY: The Defendant simply wants to add to the statement contained in the Pre-sentence Investigation that when individuals learned that he was returning to the United States for employment purposes he was approached to act as a drug courier of the heroin discovered in this case. Although, it is true that he was to be paid for the service of swallowing and carrying the packets of heroin into the country money was not the motivating factor in this matter. The Defendant's mother and other family members live in

Columbia and the people who requested he carry this contraband are not the type of individuals who accept no as an answer. There was an underlying fear that either he or his family would be hurt if he refused their request. Furthermore, the Defendant would like the Court to know that he offered to fully cooperate and proceed with the delivery of the contraband under the supervision of the federal agents; however, the Defendant understands that the agents at the delivery end rejected that offer and the Defendant was unable to provide further assistance to the agents.

3. BASE OFFENSE LEVEL: The Defendant agrees that the base offense level would be 30 if the total weight of heroin is above 700 grams; however, if the total weight of heroin after packaging is removed is under 700 grams but more than 400 grams than the base level offense would be 28.

4. ADJUSTMENT FOR ROLE IN THE OFFENSE: The Defendant objects to the lack of a reduction for Mitigating Role pursuant to Section 3B1.2(b). The Defendant requests a 2 level reduction as a minor participant due to his status a drug courier. See <u>United States v. Veloza</u>, 83 F.3d 380, 382 (C.A. 11 1996); <u>United States v Rodriguez de Varon</u>, 175 F.3d 930, 943 (C.A. 11 1999).

5. TOTAL OFFENSE LEVEL: The Defendant objects to the Total Offense Level 25. The Defendant contends that the Total Offense Level should be a Level 21.

6. THE DEFENDANT'S CRIMINAL HISTORY: The defendant objects to paragraph 22 as well as paragraph 52, contained under "Factors that may warrant a departure." The Defendant was not convicted of cocaine smuggling in Italy. Although it is true that the Defendant was charged and held in an Italian jail for cocaine smuggling it is the understanding of the Defendant that that charge was dropped thus leading to the release of the Defendant.

7. SENTENCING OPTIONS: A Total Offense Level of 21 would place the Defendant in Zone C, Criminal History category I, and a guideline imprisonment range of 37 to 46 months.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5th day of September 2001 at West Palm Beach, Florida as follows:

Roger Powell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
500 Broward Blvd, 7th Floor
Fort Lauderdale, FL 33301

Respectfully submitted,

GREGG B. LERMAN, ESQUIRE
330 Clematis Street
Suite 209
West Palm Beach, FL 33401
(561) 832-5770
FL Bar No. 510963