# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

August 09, 2002

Clarence Maddox
Clerk, U.S. District Court
701 Clematis St., Room 402
West Palm Beach FL 33401

RE: 01-15979-GG     USA v. Fernando Pineda
DC DKT NO.: 00-06330 CR-DTKH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi, one folder
    Original record on appeal or review, consisting of: four volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

---

No. 01-15979

District Court Docket No.
00-06330-CR-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 11, 2002

THOMAS K. KAHN
CLERK

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

FERNANDO PINEDA,

    Defendant-Appellant.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
AUG 0 9 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

    Entered:  July 11, 2002
For the Court:  Thomas K. Kahn, Clerk
        By:  Gilman, Nancy

**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 1 1 2002
THOMAS K. KAHN
CLERK
```

No. 01-15979
Non-Argument Calendar

D.C. Docket No. 00-06330-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO PINEDA,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(July 11, 2002)

Before DUBINA, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Fernando Pineda appeals the district court's upward departure in his criminal history category following his guilty plea for conspiracy to possess

with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846.

Pineda argues that the court erred in applying an upward departure in his criminal history category based on a single foreign conviction, pursuant to U.S.S.G. § 4A1.3.

This court reviews the district court's application of the sentencing guidelines *de novo*. *United States v. Hunerlach*, 258 F.3d 1282, 1285 (11th Cir. 2001). We review departures from the sentencing guidelines for an abuse of discretion. *Id.* The sentencing guidelines permit the court to depart from the applicable criminal history category if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. In departing upward, "the court should examine the next criminal history category and determine if the defendant 'closely resembles defendants in that category.'" *United States v. Huang*, 977 F.2d 540, 544 (11th Cir. 1992) (quoting U.S.S.G. § 4A1.3). The guidelines specifically include prior foreign convictions, which are not used in computing the criminal history category, as a basis for departure under U.S.S.G. § 4A1.3; U.S.S.G. § 4A1.2(h).

2

This court has articulated a three-step process for reviewing a district court's decision to depart: (1) a deferential review of the determination that the facts take the case outside the heartland of the applicable guideline, (2) an independent determination of whether the departure factor relied upon has been "categorically proscribed, is encouraged, encouraged but taken into consideration within the applicable guideline, discouraged, or not addressed by the Commission," and (3) if the factor relied upon by the district court is not forbidden, a deferential review of the remaining factually sensitive findings that a factor "is present to such an extraordinary degree that departure is warranted." *United States v. Hoffer*, 129 F.3d 1196, 1201 (11th Cir. 1997).

An abuse of discretion standard is difficult to overcome, and, in the instant case, Pineda cannot show that the district court abused its discretion in departing upward on the basis of his foreign conviction. Under the first prong of the *Hoffer* test, Pineda's Italian conviction was not counted in his criminal history category and Pineda admitted the conviction at sentencing. Thus, sufficient evidence existed to support the district court's conclusion that criminal history category I under-represented Pineda's criminal history.

Under the second prong of the *Hoffer* test, the guidelines encourage this factor in § 4A1.2(h), which expressly authorizes the court to consider an

3

uncounted foreign conviction and to depart on the basis of such a conviction. U.S.S.G. § 4A1.2(h). Finally, as to the third prong of the *Hoffer* test, the facts noted by the district court, that the Italian offense was similar to the instant offense and that Pineda committed the Italian offense within a short time of the instant offense warranted the upward departure.

After reviewing the record and given the similarities between the foreign conviction and the instant offense, we conclude that the district court did not abuse its discretion in finding that, based on a single foreign conviction, Pineda's criminal history category under-represented his past criminal conduct. Accordingly, we affirm Pineda's sentence.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia